UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN,

    Plaintiff,

vs.

DENNIS DOWDY,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN, (hereinafter referred to as "PLAN"), by and through its undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby files its Complaint and sues the Defendant, DENNIS DOWDY, individually, ("DOWDY") and would state as follows:

### JURISDICTION AND VENUE

1.    This is an action for equitable relief arising from Defendant's violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. In particular, Plaintiff seeks

equitable relief in the form of a constructive trust and equitable lien upon amounts held by Defendant that belong to Plaintiff, in accordance with Section 502(a)(3) of ERISA.

2. This Court has original and exclusive jurisdiction over Plaintiffs' claims for a violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(a) and (b) and ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because this is the Judicial District in which a substantial part of the events or omissions giving rise to the asserted claims occurred.

4. This Court has personal jurisdiction over Defendants pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), the ERISA nationwide service of process provision, which states "process may be served in any other district where a defendant resides or may be found."

5. This Court has subject matter jurisdiction as this is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of attorney's fees, interest and costs, and is otherwise within the jurisdictional limitation of this Court.

6. PLAN is a self-funded employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). UNITED HEALTH GROUP is

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

the plan sponsor and administrator and is a named fiduciary of the Plan within the meaning of ERISA §§ 3(16)(A) and (B) and 402(a)(2), 29 U.S.C. §§ 1002(16)(A) and (B), and 1102(a)(3).

7. Upon information and belief, DENNIS DOWDY is a resident of Florida, and is otherwise, sui juris.

8. All conditions precedent to the filing of this action have either been performed, executed, or have been waived.

9. Venue is proper in the Middle District of Florida, as the cause of action accrued in Hillsborough County, Florida, and the Defendant resides in and/or does business in Hillsborough County or otherwise has sufficient contacts with Hillsborough County to make venue proper there.

10. Plaintiff is entitled to a reasonable fee for the necessity of filing this action due to Defendants' malfeasance.

## GENERAL ALLEGATIONS

11. Plaintiff provided the Defendant, DOWDY, with health benefits through a Summary Plan Description ("SPD"), the pertinent part of which is attached hereto as Exhibit "A".

12. DOWDY was involved in a motor vehicle accident in which he was injured. Plaintiff paid out $148,102.67 in reimbursement for care and treatment rendered to DOWDY as a result of her injuries and the

3

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

aforementioned motor vehicle accident per the certificate of coverage.

13. The SPD provided Plaintiff with a contractual right for cooperation and reimbursement/subrogation of those amounts paid by Plaintiff or medical expenses should the covered person, DOWDY, recover any amount from any other source, including uninsured motorist coverage, for his injures.

14. DOWDY had actual and constructive knowledge of Plaintiff's rights to subrogation and reimbursement.

15. Defendant DOWDY has refused to assist and report to PLAN the status and/or progress of the personal injury lawsuit; it appears the Defendant did recover and funds from third party tortfeasors and/or other insurance carriers related to the motor vehicle accident but failed to contact Plaintiff to resolve the subrogation or reimbursement lien or otherwise satisfy his contractual obligations to PLAN.

16. Further, Defendant actively concealed the settlement and/or the status of the personal injury lawsuit from PLAN to frustrate any effort by PLAN to collect on its lien rights.

17. DOWDY has wrongfully refused to honor the subrogation reimbursement lien rights of Plaintiff. Accordingly, PLAN has been damaged in the amount of $148,102.67, plus costs and attorney's fees.

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

## COUNT I – VIOLATION OF ERISA § 502(A)(3)

18. Plaintiff adopts and realleges paragraphs 1-17 as if fully set forth herein.

19. Plaintiff and Defendant, DOWDY, had a contract, the Summary Plan Description ("SPD"), between them, which included subrogation/reimbursement lien rights.

20. DOWDY has breached this agreement by not honoring Plaintiff's subrogation rights contained in said policy.

21. PLAN has been damaged by DOWDY continuing to possess monies, which rightfully belong to PLAN.

23. The Plan has an absolute right of reimbursement for the $148,102.67 in medical expenses paid on behalf of DOWDY as a result of the accident. Furthermore, the SPD explicitly states that PLAN's subrogation and reimbursement rights are first priority rights to be paid before any other claims of the covered person are paid whether or not the Covered Person has been fully compensated. The SPD also states that the Plan's subrogation rights shall not be reduced under any circumstances and shall fully apply without limitation.

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

24. As a result of this violation of ERISA, PLAN has been harmed and Plaintiff seek appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of

(a) the imposition of a constructive trust and equitable lien in favor of the Plan upon the settlement proceeds held by any party;

(b) a declaration of the Plan's ownership of the settlement proceeds in that account up to the amount of payments made by the Plan for DOWDY's medical expenses; and

(c) an order directing Defendant to pay or turn over such settlement proceeds to the Plan to the extent of the Plan's interest therein, and directing Defendant to execute any documents or instruments necessary to transfer legal title of any such converted property to the Plan.

25. In addition, Plaintiffs seek attorneys' fees pursuant to the terms of the subrogation and reimbursement clause and pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter a Judgment and Order in its favor:

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

(a)  enjoining Defendant, and all those acting in concert or on behalf of the Defendant, from disposing of $148,102.67 of the settlement funds;

(b)  imposing a constructive trust and equitable lien in favor of PLAN upon the settlement funds; declaring that the Plan is the rightful owner of the settlement funds to the extent necessary to reimburse the Plan; and directing Defendant to execute any instruments necessary to transfer legal title of the constructive trust to Plaintiff;

(c)  awarding Plaintiff's interest, costs, and attorneys' fees; and

(d)  granting such other and further relief as this Court should deem just and proper.

DATED this 8th day of November, 2006.

Respectfully submitted,

Law Offices of
STEVEN M. ZIEGLER, P.A.
Attorney for Plaintiff
Presidential Circle
4000 Hollywood Blvd.
Suite 375 South
Hollywood, Florida 33021
Tel: (954) 966-2696
Fax: (954) 966-2446

By: _____
BRADLEY M. SELDIN
Florida Bar No. 0156353

LAW OFFICES OF
STEVEN M. ZIEGLER, P.A.
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696