# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITEDHEALTH GROUP, INC.,**
**as named fiduciary of the**
**UNITEDHEALTH GROUP**
**EMPLOYEE HEALTH**
**BENEFIT PLAN,**

       Plaintiff,

vs.                          **Case No.: 8:06-CV-2111-T-23EAJ**

**DENNIS DOWDY**,

       Defendant.

_____/

## ORDER

Plaintiff UnitedHealth Group, Inc.'s **Expedited Motion to Compel Discovery and Deposition** (Dkt. 25) and Defendant Dennis Dowdy's **Opposition to Plaintiff's Expedited Motion to Compel** (Dkt. 29) are before the Court. The instant action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001 et seq. Plaintiff's motion concerns the issue of the permissible scope of discovery in actions for ERISA subrogation.

## I.    Background

Plaintiff filed an ERISA claim for subrogation and reimbursement of medical benefits paid to Defendant Dennis Dowdy ("Dowdy") under Plaintiff's ERISA plan. (Dkt. 6) Plaintiff alleges that it paid for Defendant's medical expenses related to a motor vehicle accident, that Defendant received a settlement from a third party for injuries from this accident, and that Defendant is concealing this settlement to frustrate Plaintiff's ability to recovering its expenses (Dkt. 6 at 4-5). Pursuant to ERISA, Plaintiff seeks appropriate equitable relief in the form of a constructive trust or

equitable lien. (Id. at 6)

Plaintiff's Requests for Discovery seek information regarding settlement agreements entered into by Defendant, account information from Defendant's financial institutions, and income tax return data (Id. at 13-14).  Plaintiff's Interrogatories seek additional information regarding the specifics of all settlement agreements, further information regarding financial institutions at which Defendant has/had accounts, and whether or not Defendant considers settlement funds to be "identifiable" and if such funds are under the Defendant's control (Id. at 14-16).

In its motion to compel, Plaintiff contends that verifying the existence and location of settlement funds is integral to its cause of action because Plaintiff's recovery is limited to reimbursement from settlement or judgment funds, not from Defendant's general assets.  (Dkt. 25 at 12).  Plaintiff also contends that expedited discovery is warranted to prevent the Defendant from dissipating the settlement funds prior to the November 16, 2007 discovery deadline (Id. at 6).

## II.    Discussion

Rule 26(b)(1), Fed.R.Civ.P., which defines the scope of discovery, was amended in 2000. Rule 26(b)(1) provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  Further, "for good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1) (emphasis supplied).

The rule change was to involve the court more actively in regulating the breadth of sweeping or contentions discovery.  Fed.R.Civ.P. 26 advisory committee's note to 2000 amendment.  The Advisory Committee intended by the rule change for the parties and the court to focus "on the actual claims and defenses involved in the action."  Id.  The rule change signals to the court that "it has the

authority to confine discovery to the claims and defenses asserted in the pleadings . . ." Id. Thus, whether Plaintiff may obtain the requested discovery responses is dependent upon whether Plaintiff's requests are relevant to the claims and defenses asserted in the pleadings.

An action by an ERISA fiduciary to recover benefits paid to a plan participant is proper equitable relief pursuant to 29 U.S.C. § 1132(a)(3) if the action seeks the return of particular funds or property that: (1) can be traced to the defendant's possession; (2) belong in good conscience to the plaintiff; and (3) have not been dissipated so that no product remains. Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-214 (2002). Such a claim must seek not to impose personal liability on the plan participant, but to provide equitable relief to the plan fiduciary. Id. at 214.

More recently, in Sereboff v. Mid. Atl. Servs., 547 U.S. ___, 126 S. Ct. 1869, 1876 (2006), the Supreme Court held that Section 1132(a)(3) of ERISA also authorizes a fiduciary's action to enforce an equitable lien by agreement. Sereboff, 126 S. Ct. at 1875. The reimbursement provisions of a plan create an equitable lien by agreement if the provisions identify the recovery of a particular fund from the plan participant and specify the recovery a particular share of that fund. Id. at 1875-86. In addition, the Court ruled that strict tracing of funds is not required to establish an equitable lien by agreement. Id. Further, the Court clarified that the particular fund need not have been in existence when the contract was executed. Id. In Popowski v. Parrott, 461 F.3d 1367 (11th Cir. 2006), the Eleventh Circuit applied Sereboff in the deciding whether two ERISA plans were seeking equitable relief. In Popowski, the court held that an equitable lien by agreement is not defeated where a plan participant commingles third party proceeds with other property of the plan participant. Popowski, 461 F.3d at 1374, n.8.

3

Here, Plaintiff asserts that the plan creates an equitable lien by agreement because the plan permits the recovery of a particular fund from Defendant and specifies the recovery a particular share of that fund for reimbursement.  (Dkt. 25 at 11-23)  Plaintiff alleges that the "particular fund" is "the proceeds any settlement . . . or judgment that may be recovered . . ." that Defendant received from a third party.  Plaintiff further alleges that "particular share of that fund" is the recovery "of the reasonable value of services" provided to Defendant by Plaintiff.  (Dkts. 6-3 at 4, 25 at 11-12)  Plaintiff's argues that its discovery requests are relevant to its equitable claim because Plaintiff must determine if Defendant received settlement funds from a third party.

In opposing Plaintiff's motion to compel, Defendant contends that because <u>Sereboff</u> eliminated the tracing requirements for an equitable lien by agreement, Plaintiff's discovery requests are irrelevant to its claim.  According to Defendant, discovery regarding Defendant's assets is inappropriate at the current stage of litigation because no lien has been imposed on Defendant (Dkt. 29 at 2-3).

The court disagrees with Defendant's interpretation of <u>Sereboff</u>.  Although <u>Sereboff</u> holds that strict tracing requirements are not necessary to maintain an equitable lien by agreement under ERISA, the court did not address the issue of discovery when a plan fiduciary seeks recovery on an equitable claim.  Likewise, the court in <u>Popowski</u> expressly stated that it was not reaching any issues of tracing requirements in the two appeals.  <u>Popowski</u>, 461 F.3d at 1374 n.8.  Because a plan fiduciary is limited to recovery from settlement or judgment funds, not from the general assets of a plan participant, the existence, identification and dissipation of Defendant's settlement proceeds are relevant to Plaintiff's ability to recover on its equitable claim.  Such discovery is relevant to Defendant's possession and control over the settlement funds.

4

Other courts have permitted discovery when a plan fiduciary files an action for an equitable lien or constructive trust.  In an ERISA equitable claim for overpayment of benefits, the court allowed discovery regarding the location of the alleged overpayments because the information was critical to the plan fiduciary's ability to recover overpayments.  Sec. Mut. Life Ins. Co. v. Joseph, No. 06-CV-4804, 2007 U.S. Dist. LEXIS 47664, at *6-7 (E.D. Pa. June 29, 2007).  If such payments are not identifiable or are dissipated, a plan fiduciary is precluded from continuing the suit for lack of a remedy.  Id.  In Cruz v. Sun Life Assur. Co., No. 07-2391, 2007 U.S. Dist. LEXIS 65388, at *5 (D.N.J. Sept. 4, 2007) the court held that discovery relating to plan participant's finances was necessary in order to ascertain the existence of disputed overpayments.  Thus, the Court concludes that Plaintiff has demonstrated good cause for requesting discovery responses concerning the existence, identification and dissipation of Defendant's settlement funds.

A.   Plaintiff's Motion to Compel Responses to Requests Nos. 1 through 5 and Interrogatories Nos. 1 through 5, 10 and 11

Through its First Request to Produce Nos. 1 through 5, Plaintiff seeks disclosure of information related to the existence and dissipation of settlement funds received by Defendant. Specifically, in Request No. 1, Plaintiff seeks disclosure of all settlement agreements between Defendant and any third party relating to Defendant's March 7, 2003 vehicle accident for which Plaintiff covered payments for medical care (Dkt. 29 at 13).  In Requests Nos. 2 to 4, Plaintiff seeks the disclosure of all account statements from all financial institutions at which Defendant was an account holder from January 2003 to the present, Plaintiff's tax returns from 2002 to 2006 and all balance statements of investments account from January 2003 to the present.  Finally, in Request No. 5, Plaintiff requests all documents from financial institutions reflecting deposits and withdrawals

of funds received from third parties as a result of the injuries from Defendant's March 7, 2003 accident.      In response, Defendant acknowledges that the monetary terms of the settlement agreement are potentially relevant under <u>Sereboff</u> but argues that the non-monetary terms of the settlement are not subject to any claim by Plaintiff  (Dkt. 29 at 13).  Further, Defendant contends that he is precluded from disclosing the confidential terms of the settlement agreement absent a court order.  Regarding the request for balance statements from financial and investments as well as the tax returns, Defendant asserts that this information will not show the source of funds or assist in locating the settlement funds.  In reference to Request No. 5, Defendant asserts that any withdrawal of funds related to the settlement proceeds "would be drawn on the trust account of DOWDY's injury attorneys." (Dkt. 29 at 15).  Additionally, Defendant objects to the disclosure of the requested information because it is confidential and also argues that his wife's independent right to privacy in her financial records precludes discovery of joint accounts and tax information.

Upon consideration of the parties' arguments as well as the pleadings in the case, the court finds that Request Nos. 1 through 5 target relevant information and are reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1), Fed.R.Civ.P.  In reference to the discovery of joint accounts and tax information, the Court notes that Defendant has standing to challenge the discovery of his financial information due to his personal claim of a privilege. However, Defendant has no standing to assert the legal rights of his wife, a nonparty.  <u>Sneirson v. Chemical Bank</u>, 108 F.R.D. 159, 161 n.5 (D. Del. 1985).  Even assuming that Defendant's wife asserted her own privilege to prevent the disclosure of the requested joint financial information, Fed.R.Civ.P. 26(b)(1) permits the Court to order discovery of any matter relevant to the subject matter involved in the action.  The Court has determined that these joint accounts and tax

information are relevant to the subject matter of the instant litigation.   <u>See</u> <u>Am. Std., Inc. v.</u> <u>Humphrey</u>, No. 3:06-cv-893, 2007 U.S. Dist. LEXIS 45462 (M.D. Fla. June 22, 2007).   To the extent that Plaintiff's requests seek confidential information an appropriate motion for a protective order made be filed.[1]   If Defendant possesses no responsive documents to Request No. 5, as he suggests in his response (Dkt. 29 at 15), he is directed to clarify this in an amended response to Plaintiff's document production requests.

Through its First Interrogatories Nos. 1 through 5, 10 and 11 Plaintiff seeks disclosure of information regarding any settlement agreements entered into by Defendant and the possible dissipation of such settlement funds.   Specifically, in Interrogatories Nos. 1-3, Plaintiff seeks disclosure of the name and address of all third parties from whom Defendant has received money for the settlement of claims relating to Defendant's March 7, 2003 vehicle accident, the amount of such settlements, and the total amount of all such settlements (Dkt. 29 at 17).   In Interrogatories No. 4-5, Plaintiff requests the name and address of all financial institutions at which Defendant has or had an account since March 7, 2003, the date such accounts were opened, whether such accounts are currently active, and if not, the date on which such accounts were closed (<u>Id</u>.).   Finally, in Interrogatories Nos. 10 and 11, Plaintiff seeks to determine whether any funds received in settlement are under Defendant's control and whether Defendant considers such funds "identifiable." (<u>Id</u>. at 18).

In response, Defendant contends that the identities of any third party with whom he entered

---

[1] If the parties file a motion for a protective order, the parties shall refer to Local Rule 1.09, M.D. Fla. in drafting the provisions of a proposed order.   <u>See</u> <u>also</u> <u>In re Alexander Grant & Co.</u> <u>Litigation</u>, 820 F.2d 352, 355 (11th Cir. 1987), <u>aff'g</u> 629 F. Supp. 593 (S.D. Fla. 1986).

into a settlement agreement are irrelevant (Id. at 17). Defendant opposes the remainder of the Interrogatories on the ground that amounts of settlement payments and other financial inquiries are premature at the current stage of litigation.

Defendant's arguments are without merit. The Court finds that Plaintiff's interrogatories request relevant information regarding Plaintiff's equitable claim and are reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1), Fed.R.Civ.P. Thus Plaintiff's motion to compel as to First Interrogatories Nos. 1 through 5, 10 and 11 is granted.

B.      Plaintiff's Motion to Compel a Deposition Duces Tecum from Defendant

Plaintiff's Expedited Motion to Compel seeks an order requiring Dowdy to submit to a deposition duces tecum in order to examine Defendant's financial affairs (Dkt. 25 at 1). Defendant responds that the discussions were held about a possible deposition and that Defendant's counsel never refused to produce Defendant for a deposition (Dkt. 29 at 18-19).

There is no evidence that Plaintiff served a notice of deposition upon Defendant. As the appropriate procedure has not been followed for obtaining a deposition and Defendant does not object to being deposed, the Court denies Plaintiff's motion to compel the deposition duces tecum of Defendant.

C.      Plaintiff's Request for Costs and Attorney's Fees

Plaintiff's Expedited Motion to Compel seeks an order pursuant to Fed.R.Civ.P. 37(a)(4)(A) awarding Plaintiff reasonable costs and attorney's fees for this motion. The Court denies this request but will reconsider the motion if circumstances warrant.

III.    **Conclusion**

Accordingly, and upon consideration, it is **ORDERED** that:

8

(1)     Plaintiff's Motion to Compel the production of Requests Nos. 1-5 and Interrogatories

Nos. 1-5, 10 and 11 relating to the Defendant's assets is GRANTED.  The Responses

shall be provided within 20 days of the date of this order.  The motion is otherwise

**DENIED**, including Plaintiff's request to award reasonable costs and attorney's fees;

(2)     Plaintiff's motion to compel the deposition duces tecum of Defendant is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 29th  day of October, 2007.


ELIZABETH A JENKINS
United States Magistrate Judge